1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

NATHAN E. DILLON, et al.,      )
                             )             3:11-CV-0267-ECR (VPC)
           Plaintiffs,       )
                             )
           vs.                 )         **REPORT AND RECOMMENDATION**
                             )         **OF U.S. MAGISTRATE JUDGE**
BANK OF AMERICA, et al.,     )
                             )
           Defendant(s).    )         June 7, 2011
_____ )

       This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Before this court is plaintiff's application to proceed *in forma pauperis* and *pro se* complaint (#1). As set forth below, it is recommended that plaintiff's application to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice.

       Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

       Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the

1    court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74

2    F.3d 955, 957 (9th Cir. 1996).

3          The complaint must be dismissed *sua sponte* if it is in fact frivolous – that is, if the claims

4    lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that

5    are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement

6    of a legal interest which clearly does not exist), as well as claims based upon fanciful factual

7    allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

8    (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9          In the instant case, plaintiff's complaint lacks an arguable basis in either law or fact.

10   Although *pro se* plaintiffs are given great latitude in the United States District Court and are not held

11   to strict pleading requirements, a fundamental requirement is that the documents filed by a *pro se*

12   plaintiff must be subject to comprehension. Both the application to proceed *in forma pauperis* and

13   the  attached civil rights complaint are incomprehensible and the court is unable to even ascertain

14   which parties are identified as plaintiffs and which are defendants.

15         The court should dismiss this action. In view of the frivolous nature of the case and in light

16   of the fact that this plaintiff has had at least nine other actions dismissed in this District as frivolous,[1]

17   it would be appropriate to dismiss this case without leave to amend.

18         The parties are advised:

19         1.   Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the

20    parties may file specific written objections to this report and recommendation within fourteen days

21   of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

22   Recommendation" and should be accompanied by points and authorities for consideration by the

23   District Court.

24         2.    This report and recommendation is not an appealable order and any notice of appeal

25   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

26   _____

27         [1]3:01-CV-0590-DWH (VPC), 3:03-CV-0231-HDM (VPC), 3:03-CV-0232-ECR (RAM),
     3:03-CV-0233-LRH (VPC), 3:03-CV-0273-ECR (VPC), 3:03-CV-0280-ECR (VPC), 3:03-CV-
28   0281-HDM (VPC), 3:04-CV-0244-HDM (VPC), 3:11-CV-0234-LRH (RAM)

1

**III.  RECOMMENDATION**

2

**IT IS THEREFORE RECOMMENDED** that the district court enter an order **DENYING**

3

plaintiff's motion to proceed *in forma pauperis* (#1) and **DISMISSING** this action with prejudice

4

as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

5

DATED:  June 7, 2011.

6

7

_____

8

UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -